HARRIETTE A. SELLWOOD ET AL. *v.* THE KNIGHTS OF COLUMBUS BUILDING ASSOCIATION OF NORWALK, CONNECTICUT, INC.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 3—decided May 18, 1962

*J. Harold Merrick,* with whom was *Richard M. Sellwood,* of the New York bar, for the appellants (named plaintiff et al.).

*Thomas Tierney,* with whom were *Vincent D. Flaherty* and, on the brief, *Alfred Santaniello,* for the appellee (defendant).

PER CURIAM. The plaintiffs concede that the present case cannot be distinguished on its material facts from *Garbaty* v. *Norwalk Jewish Center, Inc.,* 148 Conn. 376, 171 A.2d 197. The present case involves property situated in the same Shorehaven Road section of Norwalk. A portion of the defendant's property adjoins the property of the defendant in the *Garbaty* case, and a number of the plaintiffs in the present case were plaintiffs in the *Garbaty* case. Here, as in the *Garbaty* case, the plaintiffs seek injunctive relief to restrain an alleged violation of the Norwalk zoning regulations, the pertinent portions of which appear in the *Garbaty* case. The defendant is a charitable, social and fraternal club the chief activity of which is not a service carried on as a business. The defendant owns two parcels of property in an AAA residence zone. One parcel is used as a parking lot and the other contains a ten-room house which was used as a dwelling until 1957. An order of nuns used the house for recreational activities in the summers of 1957, 1958 and 1959. The defendant leased the prop-

erty on October 15, 1959, and acquired title to it on February 16, 1960. The defendant has made no alterations in the house, but it has used the house as a club for the social and recreational activities of its members, and it intends to continue that use. The parking lot has been used in connection with the use of the house.

The plaintiffs claim that our decision in the *Garbaty* case is not conclusive of the issues here. They assert that the *Garbaty* case was erroneously decided, for the reason, among others, that § XII of the Norwalk zoning regulations (1929 as amended)[1] was not called to our attention in that case and that, as a result, the meaning which we gave to § III in that case, at page 382, has the effect of duplicating in § III the requirements imposed by § XII. The pertinent portion of § III is printed in the footnote.[2] The language of the *Garbaty* case, the plaintiffs say, means that both sections necessarily regulate housing. This argument is unsound. Section XII does not regulate housing, nor does it purport to direct the use of buildings. On the

---

[1] "Section XII.—SCHEDULE LIMITING HEIGHT AND BULK OF BUILDINGS AND SIZE OF LOT. No building hereafter erected or altered shall be erected or altered to exceed the height or to accommodate or house a greater number of families or to occupy a greater percentage of the lot area or to have narrower or smaller front yards, rear yards, side yards, inner or outer courts than is laid down in the 'Schedule Limiting Height and Bulk of Buildings' for the zone in which such building may . . . [be] located. This schedule accompanies these regulations and is hereby declared to be a part thereof. Requirements as to the size of plot and open spaces shall, however, not be applied so as to prevent the erection of a one-family detached dwelling on any lot of less than the required size, shown on a duly filed map at the time of the passage of these regulations."

[2] "Section III.—Use Regulations Controlling Residence Zones . . . In 'AAA' Residence Zones no dwelling shall be erected, altered or used except as a one-family detached house. . . ."

contrary, it deals with the erection or alteration of buildings and with the size of lots. Section III, on the other hand, as indicated in the *Garbaty* case, deals with the use of a dwelling.

The other arguments advanced for reaching a result contrary to that arrived at in the *Garbaty* case were considered in that case, and we find no sound reason for any different conclusion in the present case.